UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$165,830 in U.S. Currency (Nepal),<br>Defendant. | :<br>:<br>:<br>:<br>: Civil No. _____<br>:<br>:<br>:<br>: |

...ooo0ooo...

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, through undersigned counsel, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency that is the proceeds of unlawful drug trafficking and is forfeitable pursuant to 21 U.S.C. section 881.

## THE DEFENDANT IN REM

2. The defendant is $165,830 in U.S. Currency (hereinafter, the "Defendant Currency") seized on November 12, 2013, by the Drug Enforcement Administration (DEA) from the residence of Sunita Khatri and Dilip Nepal in Leesburg, Virginia, based on allegations that the funds are proceeds from the sale of synthetic marijuana in Washington County, Maryland.

3. The Defendant Currency is presently in the custody of the DEA in Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28

U.S.C. section 1345, over an action for forfeiture under 28 U.S.C. section 1355(a), and over this particular action under 18 U.S.C. section 981 and 21 U.S.C. section 881.

5. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. section 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. section 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. section 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. section 881 because it constitutes and is derived from proceeds traceable to a violation of 21 U.S.C. section 841.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Todd Webster, Task Force Officer, Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Currency be cited to appear herein and answer the Complaint; that the Defendant Currency be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshals Service dispose of the Defendant Currency according to law; and that the

plaintiff have such other and further relief as this Court deems proper and just.

Dated:  May 12, 2014.

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

/s/ Richard C. Kay

Richard C. Kay
Assistant U.S. Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
410 209-4800

## VERIFICATION

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. section 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by the Drug Enforcement Administration, and that everything contained therein is true and correct to the best of my knowledge and belief.

/s/ Richard C. Kay

Richard C. Kay, Esq.
Assistant U.S. Attorney
United States Attorney's Office
District of Maryland

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $165,830 in United States Currency.

I, Todd Webster, Task Force Officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $165,830 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On Tuesday, November 12, 2013, members of the Washington County Narcotics Task Force and DEA Hagerstown executed a search warrant at Hillside Station, 19110 Keep Tryst Road, Knoxville, Maryland. Hillside Station is a mini-mart and gas station.
b. During the execution of the search warrant, agents and officers seized more than 2,000 packages of synthetic marijuana, known as "spice."
c. The application for the warrant was based in part on information about a number of undercover purchases of synthetic marijuana from that location during August through early November 2013. Most of the purchases were confirmed by laboratory tests to contain synthetic cannabinoid compounds, and some of these were found to be Schedule I controlled substances.
d. On November 12, 2013, agents advised the clerk/co-owner, Sunita KHATRI, that a large quantity of suspected synthetic marijuana had been found behind the customer counter and an even larger supply in the office area.

e. During an interview, KHATRI acknowledged that the store had been distributing "spice" for approximately six months. KHATRI identified the spice supplier who delivers the spice directly to the store.

f. KHATRI stated that she pays $10 to $20 per 10 gram pack of spice and $5 to $8 per 4 gram pack of spice. KHATRI also stated that she typically pays the source cash for the bulk order but has written a check on one occasion. The store takes delivery of the spice about once per month.

g. KHATRI then consented to a search of her residence in Leesburg, Virginia.

h. During that interview, KHATRI's husband and co-owner of the store, Dilip NEPAL arrived at Hillside Station.

1

i. NEPAL stated that, several months previously, a spice source advised him that it was a legal product to sell. NEPAL stated that he then started selling spice. NEPAL also stated that he routinely paid cash for the spice.

j. NEPAL stated that he routinely pays $20 per 10 gram pack of spice and sells those same packs for $45. NEPAL stated that he pays $10 for smaller packs of spice, which he sells for $25 to $35 each "if it's good stuff."

k. NEPAL advised that he started selling spice from within Hillside Station because the store was struggling financially. NEPAL also stated that his Virginia store does well because it sells cigarettes and alcohol, and spice sales are not needed to supplement the Virginia store's income.

l. NEPAL also acknowledged that he takes money from the sales of spice to his home and then takes it to the bank a day or two later. NEPAL then consented to a search of his residence in Leesburg, Virginia.

m. When asked if KHATRI had any money or spice in the residence, KHATRI initially denied both.

n. When advised of NEPAL'S statement that he at times brought money home, KHATRI then directed Agent Webster and S/A Waters to the master bedroom, advising that she had money stored in the closet.

o. Agents found a black file case in the closet containing several bundles of cash. KHATRI acknowledged that this money was proceeds from selling spice.

p. When asked if there was any other currency or spice, KHATRI said no.

q. Agents then found a large suitcase filled with women's clothing, and, in the bottom, found a large brick-sized object wrapped in foil and plastic. KHATRI then acknowledged that it contained cash. Agents also found a bank envelope in the closet that contained $500 in cash.

r. An agent called another agent who was with NEPAL, and asked if he was aware of the large sum of money stored in the closet. NEPAL immediately lowered his head and stated "I had no idea about the money, my wife handles that. But it is money from spice sales."

s. KHATRI then acknowledged that the money in the black case was from the sales of spice but not the bundle located in the suitcase.

t. The total amount seized at the residence was as follows:
- $500 in bank envelope
- $35,000 in black file case
- $130,330 in foil/plastic wrapped bundle

2

TOTAL: $165,830.000

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FOREGOING FACTS ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

05/12/14
Date

Todd Webster
Task Force Officer
Drug Enforcement Administration

**MEMORANDUM**

| | |
|---|---|
| DATE: | May 13, 2014 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Matthew Miller<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $165,830 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 14-DEA-591799**<br>**Agency Case No. – BH-14-0006** |

  The United States has filed a forfeiture action against **$165,830 U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

  Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

  Thank you.


Attachment

1

| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN |
|---|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | | COURT CASE NUMBER |
| DEFENDANT<br>$165,380 in U.S. Currency (Nepal) | | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>14-DEA-591799 / BH-14-0006 |
|---|---|
| | ADDRESS *(Street or RFD, Apartment No., City, State, and ZIP Code)* |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | Number of process to be served with this Form - 285 | |
|---|---|---|
| Matthew Miller, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)*:

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER<br>410-209-4800 | DATE<br>5/13/14 |
|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*.

| Name and title of individual served *(If not shown above)*. | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address *(complete only if different than shown above)* | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED          SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt